IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02239-BNB

LA. SHUNDRA DIAN WILLIAMS,

      Plaintiff,

v.

HILARY VICKTOROFF,
NURSE BRANDY, and
SGT. CROCKET,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, La. Shundra Dian Williams, is in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff has been granted leave to proceed pursuant to § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint under D.C.COLO.LCivR 8.1(b) and has determined that it is deficient. For the reasons discussed below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff alleges that she is being denied proper medical treatment and seeks

money damages.

The Prisoner Complaint is deficient in part because Plaintiff fails to allege specific facts to show the personal participation of Defendants in the violation of her constitutional rights.  Personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).  Furthermore, Plaintiff must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain a Court-approved Prisoner Complaint form (with the assistance of her case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov. to be used in filing the

Amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint that

complies with this Order within the time allowed, the Court may dismiss this action

without further notice for the reasons discussed above.

DATED August 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge