IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02239-BNB

LA. SHUNDRA DIAN WILLIAMS,

Plaintiff,

v.

HILARY VICKTOROFF,
NURSE BRANDY,
SGT. CROCKET, and
D.W.C.F. MEDICAL DEPARTMENT,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, La. Shundra Dian Williams, is in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915.

The Court reviewed the Complaint and entered an order on August 15, 2014, directing Plaintiff to file an Amended Complaint. Plaintiff was told to amend the Complaint and assert specific facts to show how Defendants personally participated in violating her constitutional rights. Plaintiff also was directed to file the Amended Complaint on a Court-approved form. Plaintiff filed an Amended Complaint on September 16, 2014. The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint pursuant to the United States District Court for the District of Colorado D.C.COLO.LCivR 8.1(b) and has determined that it is deficient. Plaintiff will be ordered to file a Second Amended Complaint for the reasons discussed below.

First, Plaintiff has failed to submit the Amended Complaint on a Court-approved form. In accordance with local rule of practice 5.1(c), D.C.COLO.LCivR, a *pro se* prisoner is required to use the forms established by this Court to file an action. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a federal district court's local rules to be enforced unless the failure to comply with a rule is "nonwillful."

Second, the Prisoner Complaint is deficient because Plaintiff fails to allege specific facts that indicate personal participation by Defendant Hilary Vicktoroff in the violation of Plaintiff's constitutional rights. Finally, the D.W.C.F. Medical Department is an improperly named defendant because it is not a person for the purpose of a 42 U.S.C. § 1983 action.

Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A

supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Furthermore, Plaintiff must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file a Second Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that **Plaintiff shall obtain a Court-approved Prisoner Complaint form (with the assistance of her case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to be used in filing the Second Amended Complaint**. It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint within the time allowed, the Court will proceed to review the merits of each claim as stated in the August 12, 2014 Complaint.

DATED September 17, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge