IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02239-BNB

LA. SHUNDRA DIAN WILLIAMS,

    Plaintiff,

v.

HILARY VICKTOROFF,
NURSE BRANDY,
SGT. CROCKET, and
D.W.C.F. MEDICAL DEPARTMENT,

    Defendants.

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

    Plaintiff, La. Shundra Dian Williams, is in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff has been granted leave to proceed pursuant to § 1915.

    Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on August 15, 2014, directing Plaintiff to amend and state how defendants personally participated in violating her constitutional rights.  Plaintiff filed an Amended Complaint on September 16, 2014, but the Amended Complaint was not submitted on a Court-approved form and did not assert personal participation by defendants.  On September 17, 2014, Magistrate Judge Boland again directed Plaintiff to amend the Complaint, assert personal participation by named defendants, and submit the Complaint on a Court-approved form.  Magistrate Judge Boland further ordered that the Court would

proceed to review the merits of each claim as stated in the August 12, 2014 Complaint if Plaintiff failed to comply with the September 17, 2014 Order within the time allowed. Plaintiff was given thirty days to file the Second Amended Complaint. Plaintiff now has failed to comply with the Order to File a Second Amended Complaint within the time allowed. The Court, therefore, will proceed to review the merits of the August 12, 2014 Complaint.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970). The Court will dismiss this action in part as legally frivolous, for the reasons stated below.

Plaintiff asserts three claims regarding inadequate medical treatment. In Claim One, Plaintiff asserts that Defendant Hilary Vicktoroff has tried to help her and "she is doing what she is able to do." Compl., ECF No. 1, at 4. Plaintiff further asserts she has tumors in her feet but was only allowed the use of a wheel chair for distance and a cane

for three months, and then she was told to purchase anti-inflammatories at the canteen, even though she is allergic to them. *Id.* Plaintiff also asserts that she has been told she has cancer and Hepatitis C. *Id.* Plaintiff contends that as a result she is in severe pain, is not able to sleep, and has not been able to see a doctor for over a year.

In Claim Two, Plaintiff alleges that she asserts an emergency claim when she is vomiting and in pain, but Defendant Nurse Brandy always tells the C.O's that "it is not an emergency if I am not dying." *Id.* at 5. Then when Plaintiff finally sees a physician's assistant, Defendant Nurse Brandy says, "Why didn't you put in a kite." *Id.* at 5. Plaintiff further asserts that she puts in kites, but there is no record of the kites, and she has stopped asking to go to medical because medical staff tells her there is nothing they can do for her. *Id.* Finally, Plaintiff asserts that sometimes she has to stay in bed and is not able to participate in the T.C. program. *Id.* Plaintiff contends that as a result she is not program compliant and is not eligible for community placement or parole.

Finally, in Claim Three, Plaintiff asserts that in July 2014 Defendant Sergeant Crocket would not call medical based on Plaintiff's emergency claim and told her to put in a kite. *Id.* at 6. Plaintiff contends that C.O. Cross and she were upset because Sergeant Crocket never talked to a nurse about Plaintiff's symptoms. Plaintiff requests money damages.

First, Plaintiff fails to state what Defendant Vicktoroff did to violate her Eighth Amendment rights. Magistrate Judge Boland gave Plaintiff two opportunities to state how Defendant Vicktoroff participated in violating her constitutional rights. The only claim Plaintiff asserts against Defendant Vicktoroff is that she is doing all that she is able to do but has not been able to help her with her pain. Plaintiff does not assert in Claim One that Defendant Vicktoroff is responsible for denying her a wheel chair, a

cane, or pain medications.  Because Plaintiff has failed to state any specific act by Defendant Vicktoroff that asserts a violation of Plaintiff's constitutional rights, the claim against Defendant Vicktoroff will be dismissed as legally frivolous.

Second, in claim Three, the alleged actions of Defendant Crocket are not sufficient to state an Eighth Amendment claim.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (stating that cruel and unusual punishment involves more than ordinary lack of due care for a prisoner's interests and safety).  To establish liability under the Eighth Amendment, Plaintiff must show, in part, that Defendant acted with deliberate indifference to her health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing.  *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).  "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners."  *Whitley*, 475 U.S. at 327; *see also Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).  Deliberate indifference requires a higher degree of fault than gross negligence.  *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

Nothing Plaintiff asserts against Defendant Crocket rises to the level of a constitutional deprivation.  The only claim asserted against Defendant Crocket is that he

allegedly refused to place an emergency request with medical when asked to do so by Plaintiff.  Plaintiff fails to assert that during the incident in July 2014 she faced a substantial risk of serious harm and Defendant Crocket disregarded that risk by failing to take reasonable measures to abate it.  Claim Three as asserted against Defendant Crocket will be dismissed as legally frviolous.

Finally, the Court will order Claim Two, as asserted against Defendant Nurse Brandy, drawn to a presiding judge and, if appropriate, to a magistrate judge. Accordingly, it is

ORDERED that Defendants Sergeant Crocket and Hilary Vicktoroff are dismissed from the action, and Claims One and Three asserted against them are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that Defendant D.W.C.F. Medical Department is not a person for the purpose of a 42 U.S.C. § 1983 action and is dismissed as an improper party to this action.  It is

FURTHER ORDERED that Claim Two asserted against Defendant Nurse Brandy shall be drawn to a presiding judge and, if appropriate, to a magistrate judge.

DATED at Denver, Colorado, this  13th  day of   November  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court