IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02239-RBJ-MJW

LA SHUNDRA DIAN WILLIAMS,

Plaintiff,

v.

NURSE BRANDY,

Defendant.

## ORDER DENYING MOTION TO INTERVENE
### (Docket No. 20)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Judge R. Brooke Jackson on February 18, 2015 (Docket No. 13). Six individuals—Wayne Albright, Michale Dixon, Sarah Pender, Stephanie Davis, Desa Hooter, and Amber Lambert—have moved to intervene in this lawsuit under either Fed. R. Civ. P. 24(a)(2) and 24(b). (Docket Nos. 20, 21.) The Court has reviewed intervenor's motion, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. The Court finds that the motion can be resolved without waiting for responses from the parties. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

In this District, motions to intervene are treated as non-dispositive for purposes of 28 U.S.C. § 636(b). *Pub. Serv. Co. Of Colo. v. Bd. Of County Comm'rs of San Miguel*

2

*County*, No. 04-cv-01828-REB-CBS, at *2-3 (D. Colo. Sept. 19, 2005).[1]

**I.      Intervention as a Matter of Right**

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Intervenors do not meet any of these conditions. Instead, they say:

> Intervenors have a common vested interest in support of Plaintiff Williams claims. Intervenors will provide questions of laws and facts that are common in this action. Intervenors will provide this honorable court newly discovered evidence which consists of documents, exhibits, records, graphs, charts, emails, 132 photographs.

(Docket No. 20, pp.1-2.) Intervenors thus do not purport to have any cognizable legal interest in this litigation. They have relevant evidence, but their own legal rights and

---

[1] The Second and Eleventh Circuits disagree, treating motions to intervene as dispositive when brought under Rule 24(a)(2). *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1321-22 (11th Cir. 2013); *Medina v. Fischer*, 2013 WL 1294621, at *1 n.1 (S.D. N.Y. Mar. 29, 2013). Motions brought under Rule 24(b) are unequivocally nondispositive. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 661-62 (D. N.J. 2004); *United States v. W.R. Grace & Co.-Conn.*, 185 F.R.D. 184, 187 (D. N.J. 1999).

3

duties are not implicated.  Thus, intervention is inappropriate.

## II.     Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion.  *See, e.g., City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

The result under this test is no different.  Intervenors do not purport to have any claim or defense that shares common law or facts with this lawsuit.  Indeed, since this lawsuit is about Defendant Brandy's alleged deliberate indifference to Plaintiff's medical needs, it is very difficult to see how *anyone* (other than perhaps Defendant Brandy's employer) could have related claims or defenses with the parties.

To the extent intervenors have relevant evidence, the proper way to get that evidence before the Court is for Plaintiff to subpoena or otherwise procure those records from intervenors.

For the foregoing reasons, it is ORDERED that the Motion to Intervene as Plaintiffs with Newly Discovered Evidence Under Fed. R. Civ. P. Rule 24(a)(2) and Rule 24(b) **(Docket Nos. 20)** is DENIED.  It is further ORDERED that the Clerk of Court shall mail copies of this order to:

    Wayne R. Albright
    # LD2583

4

301 Institution Dr.
Bellefonte, PA 16823

Michale M. Dixon
# 95900
1107 Recharge Rd.
York, NW 68467

Sarah J. Pender
#953968
2596 N. Girls School Rd.
Indianapolis, IN 46214

Stephanie D. Davis
#526426
29501 Kickapoo
McCloud, OK 74851

Desa R. Hooter
990 Cypress Station Dr., Apt. 1501
Houston, TC 77090

Amber Lambert
#181498
P.O. Box 88550
Pearl, MS 39288


Dated:  May 19, 2015                    *s/ Michael J. Watanabe*
            Denver, Colorado              Michael J. Watanabe
                                          United States Magistrate Judge